1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   | NATARAJAN GURUMOORTHY, | Case No. 1:12-cv-01423JLT (PC) |
     |---|---|
12   | Plaintiff, | **ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE** |
13   | v. | **TO KEEP COURT APPRISED OF CURRENT ADDRESSS AND FOR** |
14   |  | **FAILURE TO PROSECUTE** |
15   | SIX UNKNOWN NAMES AGENTS OR MR. PRESIDENT OF THE UNITED STATES BARACK OBAMA, |  |
16   |  |  |
17   | Defendants. |  |

18

19        This matter was filed on August 31, 2012.  (Doc. 1).  On September 5, 2012, the Court

20   ordered the complaint stricken because it was not signed and required Plaintiff to pay the filing

21   fee or file a motion to proceed in forma pauperis.  (Doc. 3) However, this order was returned as

22   "Undeliverable, Released" on September 17, 2012.  For the reasons set forth below, Plaintiff's

23   matter is dismissed.

24        **I.        Discussion and Analysis**

25        "District courts have inherent power to control their dockets," and in exercising that

26   power, a court may impose sanctions including dismissal of an action. Thompson v. Housing

27   Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with

28

1   prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or

2   failure to comply with local rules.  See, e.g., <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9 th Cir. 2995)

3   (dismissal for failure to comply with local rules); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th

4   Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint);

5   <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

6   with a court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

7   failure to prosecute and to comply with local rules).

8   In determining whether to dismiss an action for failure to prosecute, failure to obey a court

9   order, or failure to comply with the Local Rules, the Court must consider several factors,

10   including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

11   manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

12   disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>Henderson</u>,

13   779 F.2d at 1423-24; *see also* <u>Ferdik</u>, 963 F.2d at 1260-61; <u>Thomspon</u>, 782 F.2d at 831.

14   In the case at hand, the public's interest in expeditiously resolving this litigation and the

15   Court's interest in managing the docket weigh in favor of dismissal.  The risk of prejudice to the

16   defendants also weighs in favor of dismissal, since a presumption of injury arises from the

17   occurrence of unreasonable delay in prosecution of an action.  *See* <u>Anderson v. Air West</u>, 542

18   F.2d 522, 524 (9th Cir. 1976).  The Court will not, and cannot, hold the case in abeyance because

19   Plaintiff's fails to notify the Court of his current address.

20   Pursuant to Local Rule 183(b), a party appearing in propria persona such as Plaintiff is

21   required to keep the Court apprised of his current address at all times.  Specifically, Local Rule

22   183(b) provides:

23
24   A party appearing in propria persona shall keep the Court and opposing parties
     advised as to his or her current address.  If mail directed to a plaintiff in propria
     persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails
25   to notify the Court and opposing parties within sixty-three (63) days thereafter of a
     current address, the Court may dismiss the action without prejudice for failure to
     prosecute.
26

27   More than 75 days have elapsed since Plaintiff's mail was returned as undeliverable.

28   Notably, the Court alerted Plaintiff of the consequences for failure to comply with the

1  Local Rules and the Court's orders.  (Doc. 2 at 5)  The Court's informational order explained

2  Plaintiff's duty to make the Court aware of any address changes and provided a change of address

3  form.  Id.  In addition, the Order warned Plaintiff that if mail directed to him is returned as

4  undeliverable, and he does not update his address with the Court within sixty days of the mail

5  being returned, the action will be dismissed for failure to prosecute and cited Local Rule 183(b).

6  Id.

7          Thus, Plaintiff had adequate warning his matter would be dismissed if he failed to comply

8  with the Court's order or its Local Rules.  Moreover, no lesser sanction is feasible given the

9  Court's inability to communicate with Plaintiff.

10         Accordingly, pursuant to Local Rule 183(b), **IT IS HEREBY ORDERED** that:

11         1.  The action is **DISMISSED** without prejudice; and

12         2.  The Clerk of the Court is directed to close the case.

15  IT IS SO ORDERED.

16     Dated:   **December 5, 2012**                    **/s/ Jennifer L. Thurston**

17                                      UNITED STATES MAGISTRATE JUDGE